CROWELL CONSTRUCTORS, INC. v. STATE OF NORTH CAROLINA, ex rel., WILLIAM W. COBEY, JR., SECRETARY, DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES

No. 394A90

(Filed 3 April 1991)

APPEAL by plaintiff from the decision of a divided panel of the Court of Appeals, 99 N.C. App. 431, 393 S.E.2d 312 (1990), reversing a judgment signed 15 August 1989 in Superior Court, CUMBERLAND County, by *Greene, J.* Heard in the Supreme Court 13 December 1990.

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Richard M. Wiggins, for plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by Kathryn Jones Cooper, Assistant Attorney General, for defendant-appellee.*

PER CURIAM.

Under Rule 3(a) of the Rules of Appellate Procedure, a party entitled by law to appeal from a judgment of superior court rendered in a civil action may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in a timely manner. This rule is jurisdictional. *Booth v. Utica Mutual Ins. Co.*, 308 N.C. 187, 301 S.E.2d 98 (1983). If the requirements of this rule are not met, the appeal must be dismissed. *Currin-Dillehay Building Supply, Inc. v. Frazier*, 100 N.C. App. 188, 394 S.E.2d 683 (1990). The appellant has the burden to see that all necessary papers are before the appellate court. *State v. Stubbs*, 265 N.C. 420, 144 S.E.2d 262 (1965). The notice of appeal must be contained in the record. *Brady v. Town of Chapel Hill*, 277 N.C. 720, 178 S.E.2d 446 (1971).

Since the record does not contain a notice of appeal in compliance with Rule 3, the Court of Appeals had no jurisdiction of

the appeal. The appeal should have been dismissed. Therefore, we vacate the decision of the Court of Appeals and remand to that court for dismissal of the appeal.

Vacated and remanded.