CROWELL CONSTRUCTORS, INC., PETITIONER v. STATE OF NORTH CAROLINA, EX REL., WILLIAM W. COBEY, JR., SECRETARY, NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, RESPONDENT

No. 9212SC1267

(Filed 15 March 1994)

**1. Costs § 37 (NCI4th)— petition for attorney's fees—failure to serve supporting affidavit contemporaneously—respondent not prejudiced**

Although petitioner's failure to serve its supporting affidavit with its petition for attorney's fees violated the technical requirements of N.C.G.S. § 1A-1, Rule 6(d), respondent was not prejudiced, since the petition stated the basis for petitioner's request and provided an itemized listing of the legal expenses petitioner claimed it incurred; respondent had ample notice of the petition for attorney's fees and was given time to prepare a brief contesting the amount of fees petitioner claimed; and the trial court accepted respondent's arguments regarding specific fees claimed by petitioner and accordingly reduced the amount of fees it finally awarded.

**Am Jur 2d, Costs §§ 79-86.**

CROWELL CONSTRUCTORS, INC. v. STATE EX REL. COBEY

[114 N.C. App. 75 (1994)]

2. **Costs § 37 (NCI4th) — attorney's fees — claim of impropriety based on case subsequently vacated on appeal — award of attorney's fees proper**

There was no merit to respondent's contention that the trial court should have denied the petition for attorney's fees pursuant to N.C.G.S. § 6-19.1 because respondent had substantial justification for pressing its claim against petitioner and there were special circumstances which made the award of attorney's fees unjust in this case, since the sole support for respondent's contentions was the conclusion of the Court of Appeals in *Crowell Constructors, Inc. v. State ex rel. Cobey*, 105 N.C. App. 191, but that opinion was vacated by the Supreme Court and was therefore void.

**Am Jur 2d, Costs §§ 79-86.**

3. **Costs § 37 — attorney's fees — amount of fee improper**

The trial court erred in the amount of attorney's fees it awarded when it inadvertently included certain fees which were incurred before a civil penalty assessment, and the court had stated that it was disallowing all fees incurred before the civil penalty assessment.

**Am Jur 2d, Costs §§ 79-86.**

Appeal by respondent from judgment entered 17 August 1992 by Judge Coy E. Brewer, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 27 October 1993.

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Richard M. Wiggins and Anne Mayo Evans, for the petitioner-appellee.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Kathryn Jones Cooper, for the respondent-appellant.*

WYNN, Judge.

The question in this case is whether petitioner is entitled to attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1. The trial court granted petitioner attorney's fees. Except as modified, we affirm.

On 27 March 1987, respondent, the Department of Environment, Health, and Natural Resources (DEHNR) (then named Department of Natural Resources and Community Development) assessed

CROWELL CONSTRUCTORS, INC. v. STATE ex rel. COBEY

[114 N.C. App. 75 (1994)]

petitioner Crowell Constructors, Inc. a civil penalty of $10,000 for two incidents of mining without a permit. The North Carolina Mining Commission affirmed this decision and penalty.

Petitioner then appealed to the superior court and Judge George R. Greene reversed the Mining Commission's decision. DEHNR appealed to this Court which reversed Judge Greene's decision in *Crowell Constructors, Inc. v. State ex rel. Cobey,* 99 N.C. App. 431, 393 S.E.2d 312 (1990). Thereafter, petitioner appealed to the North Carolina Supreme Court which vacated the decision of this Court in *Crowell Constructors, Inc. v. State ex rel. Cobey,* 328 N.C. 563, 402 S.E.2d 407 (1991) because the record on appeal did not contain the notice of appeal required by Rule 3 of the Rules of Appellate Procedure and thus this Court did not have jurisdiction over the appeal.

Following the Supreme Court's decision, petitioner filed a petition for attorney's fees in superior court pursuant to N.C. Gen. Stat. § 6-19.1. After a hearing, the trial court granted petitioner attorney's fees in the amount of $16,529.20. DEHNR appeals.

I.

[1] DEHNR first contends that the trial court erred in awarding petitioner attorney's fees because petitioner did not follow the procedural requirements of N.C. Gen. Stat. § 6-19.1. DEHNR asserts that since petitioner did not file an affidavit with its petition for attorney's fees, it failed to comply with the statute's requirements. We disagree.

N.C. Gen. Stat. § 6-19.1 reads as follows in pertinent part:

In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150A-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

The party shall petition for the attorney's fees within 30 days following final disposition of the case. The petition shall be supported by an affidavit setting forth the basis for the request.

N.C. Gen. Stat. § 6-19.1 (1986).

The petition for attorney's fees is a motion under Rule 7(b)(1) of the Rules of Civil Procedure. *Tay v. Flaherty*, 100 N.C. App. 51, 394 S.E.2d 217, *disc. rev. denied*, 327 N.C. 643, 399 S.E.2d 132 (1990). Under Rule 6(d), "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." N.C. Gen. Stat. § 1A-1, Rule 6(d) (1990). DEHNR, relying on *Nationwide Mut. Ins. Co. v. Chantos*, 21 N.C. App. 129, 203 S.E.2d 421 (1974), argues that petitioner's motion for attorney's fees and the supporting affidavit should have been served simultaneously.

In *Chantos*, this Court held that supporting affidavits to a Rule 56 motion for summary judgment "should be filed and served sufficiently in advance of the hearing to permit opposing affidavits to be filed prior to the day of the hearing." *Chantos*, 21 N.C. App. at 130, 203 S.E. 2d at 423. The defendant in *Chantos* offered affidavits in support of his motion for summary judgment the day of the hearing. The Court in *Chantos* noted that Rule 6(b) gives the trial court discretion to order the time within which to file and serve the affidavits, but that there must be a request for enlargement of time or a showing of excusable neglect. *Id.* at 131, 203 S.E.2d at 423.

In *Gillis v. Whitley's Discount Auto Sales, Inc.*, 70 N.C. App. 270, 319 S.E.2d 661 (1984), the plaintiff in an action to disaffirm a minor's contract, filed an affidavit on the same day as the hearing of the summary judgment motion. The plaintiff did not request an enlargement of time to file the affidavit. This Court, after citing *Chantos*, noted that while the plaintiff failed to comply with the technical requirements of Rule 6(d), there was no prejudice to the defendant by admitting the affidavit. *Gillis*, 70 N.C. App. at 277, 319 S.E.2d at 665.

In the instant case, petitioner filed its petition for attorney's fees on 6 May 1991 and then filed its supporting affidavit on 25 March 1992. Although petitioner's failure to serve its supporting affidavit with its petition for attorney's fees violated the technical requirements of Rule 6(d), nevertheless, we find that DEHNR was

CROWELL CONSTRUCTORS, INC. v. STATE EX REL. COBEY

[114 N.C. App. 75 (1994)]

not prejudiced. *See Gillis*, 70 N.C. App. at 277, 319 S.E.2d at 665. The petition stated the basis for petitioner's request for attorney's fees. The supporting affidavit merely reiterated the basis for petitioner's request and provided an itemized listing of the legal expenses petitioner claimed it incurred. DEHNR had ample notice of the petition for attorney's fees and was given time to prepare a brief contesting the amount of fees petitioner claimed. The record reveals that the trial court accepted DEHNR's arguments regarding specific fees claimed by petitioner and accordingly reduced the amount of fees it finally awarded. We therefore conclude DEHNR was not prejudiced by petitioner's failure to comply with Rule 6(d) and this assignment of error is overruled. *Cf. Rolling Fashion Mart, Inc. v. Mainor*, 80 N.C. App. 213, 341 S.E.2d 61 (1986) (Trial court did not err in admitting an affidavit filed in support of a summary judgment motion on the day of the hearing when the affidavit was supplemental to earlier affidavits).

II.

[2] DEHNR's next two assignments of error argue that the trial court should have denied the petition for attorney's fees because DEHNR had substantial justification for pressing its claim against Crowell and that there were special circumstances which make the award of attorney's fees unjust in this case. We disagree.

In *S.E.T.A. UNC-CH, Inc. v. Huffines*, 107 N.C. App. 440, 420 S.E.2d 674 (1992), this Court explained the requirements for awarding attorney's fees under N.C. Gen. Stat. §§ 6-19.1 and 6-19.2.

> Three criteria must exist before a trial judge can exercise statutory discretion under either N.C.G.S. § 6-19.1 or § 6-19.2. First, the party moving for attorney's fees must be a "prevailing party." Second, the court must find that the agency acted without substantial justification; and finally the court must find there are no special circumstances making a fee award unjust.

*Huffines*, 107 N.C. App. at 443, 420 S.E.2d at 676 (citations omitted). *See also Whiteco Industries, Inc. v. Harrelson*, 111 N.C. App. 815, 434 S.E.2d 229 (1993); *Whiteco Industries, Inc. v. Harrington*, 111 N.C. App. 839, 434 S.E.2d 234 (1993).

The question of whether the agency acted without substantial justification is a conclusion of law. *Harrelson*, 111 N.C. App. at 819, 434 S.E.2d at 232. Substantial justification is defined as justifica-

tion " 'to a degree that could satisfy a reasonable person.' " *Tay*, 100 N.C. App. at 56, 394 S.E.2d at 219 (1990) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 101 L. Ed. 2d 490, 504 (1988) ). The burden is on the party against whom attorney's fees were assessed to show substantial justification for its action. *Harrelson*, 111 N.C. App. at 819, 434 S.E.2d at 232.

In the instant case, since summary judgment was granted against DEHNR, petitioner is the prevailing party. *See House v. Hillhaven, Inc.*, 105 N.C. App. 191, 412 S.E.2d 893, *disc. rev. denied*, 331 N.C. 284, 417 S.E.2d 251 (1992). DEHNR contends this Court's conclusion in *Crowell Constructors, Inc. v. State ex rel. Cobey*, 99 N.C. App. 431, 393 S.E.2d 312, *vacated and remanded*, 328 N.C. 563, 402 S.E.2d 407 (1991) that DEHNR properly sanctioned Crowell for mining without a permit is evidence that DEHNR had substantial justification for its action. DEHNR also relies upon this decision to support its contention that there were special circumstances which make the award of attorney's fees unjust in this case. The opinion DEHNR relies upon, however, was vacated by the Supreme Court on the grounds that since the record on appeal did not contain a notice of appeal as required by N.C.R. App. P. 3 this Court had no jurisdiction to hear the case. *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 402 S.E.2d 407 (1991). "A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964); *Hopkins v. Hopkins*, 8 N.C. App. 162, 174 S.E.2d 103 (1970). Thus, the prior decision by this Court in *Crowell* is void. Therefore, since the sole support for DEHNR's argument is a nullity, DEHNR has not met its burden of showing substantial justification for its action nor shown that there are special circumstances making the award of attorney's fees unjust.

In addition, Judge Greene concluded that there was no competent, material, or substantial evidence in the record that petitioner violated the Mining Act. Since DEHNR failed to properly perfect an appeal from this conclusion, it is the law of the case and binding on appeal. *North Carolina Nat'l Bank v. Barbee*, 260 N.C. 106, 131 S.E.2d 666 (1963); *Duffer v. Royal Dodge, Inc.*, 51 N.C. App. 129, 275 S.E.2d 206 (1981); *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E.2d 911, *cert. denied*, 287 N.C. 465, 215 S.E.2d 623 (1975). Therefore, we conclude DEHNR has not met its burden of showing substantial justification for its action nor shown that there are

special circumstances making the award of attorney's fees unjust in this case. These assignments of error are overruled.

### III.

[3] DEHNR finally contends the trial court erred in the amount of attorney's fees it awarded. We agree. In its judgment, the trial court found:

> 9. Crowell's attorney submitted an affidavit of attorney's fees in the amount of $24,038.20 for which it now seeks reimbursement from . . . [DEHNR]. However, some of the fees included in that total involve fees incurred prior to the March 27, 1987 civil penalty assessment which was the subject matter of the underlying lawsuit. These fees are disallowed. Thus, Crowell is entitled to reimbursement of only $16,529.20 for attorney's fees.

After reviewing the record, we conclude that the trial court inadvertently included $1,910 in fees which were incurred before the civil penalty assessment. Since the trial court stated it was disallowing all fees incurred before the civil penalty assessment, we modify the trial court's order accordingly. Therefore, Crowell is entitled to $14,619.20 for attorney's fees.

For the foregoing reasons, the judgment of the trial court is

Modified and affirmed.

Judges LEWIS and McCRODDEN concur.