NO. COA13-1010

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

HIGH ROCK LAKE PARTNERS, LLC, a
North Carolina Limited Liability
Company, and JOHN DOLVEN,
    Petitioners-Appellants,

    v.

NORTH CAROLINA DEPARTMENT OF
TRANSPORTATION,
    Respondent-Appellee.

Mecklenburg County
No. 07 CVS 18706

Appeal by Petitioners from order entered 22 May 2013 by Judge Richard D. Boner in Superior Court, Mecklenburg County. Heard in the Court of Appeals 4 March 2014.

    *Van Winkle, Buck, Wall, Starnes and David, P.A., by Craig D. Justus, for Petitioners-Appellants.*

    *Attorney General Roy Cooper, by Special Deputy Attorney General James M. Stanley, Jr., Assistant Attorney General Scott K. Beaver, and Assistant Attorney General Jennifer S. Watson, for Respondent-Appellee.*

McGEE, Judge.

High Rock Lake Partners, LLC ("High Rock") purchased approximately 190 acres in Davidson County ("the property") in August 2005. High Rock intended to develop the property into a sixty-lot residential subdivision. High Rock purchased the property for $5,200,000.00. John Dolven, M.D. ("Dolven")

provided $3,600,000.00 of the purchase price through a secured loan. High Rock and Dolven are petitioners ("Petitioners") in this matter. In December 2005, the Davidson County Board of Commissioners approved the preliminary plat, based on High Rock's "meeting all the County requirements for subdivision approval."

The only way to access the property was by way of State Road 1135 ("SR 1135"), which was maintained by Respondent North Carolina Department of Transportation ("DOT"), as part of the State Highway System. As part of High Rock's initial development phase, it sought to extend SR 1135 — which dead-ended on the property — in order to provide a driveway connection into the planned subdivision.

In October 2005, High Rock applied to DOT for a permit to construct a driveway. The proposed driveway connection point was located on SR 1135, approximately one-quarter mile from a railroad crossing ("the railroad crossing"). Due to the location of a railroad yard near the railroad crossing, idling locomotives sometimes blocked the crossing.

In a letter dated 12 December 2005, Chris Corriher, DOT District Engineer for Davidson County, denied High Rock's application. High Rock timely appealed this denial to DOT Division Engineer, Pat Ivey ("Ivey"). Ivey granted High Rock's

permit application, with the conditions that High Rock widen the railroad crossing and secure the necessary permissions from the railroad companies to do so. High Rock appealed DOT's conditions to the DOT Driveway Permit Appeals Committee ("DOT Appeals Committee"). The DOT Appeals Committee upheld the conditions set out by Ivey. High Rock filed a Petition for Judicial Review in Superior Court, Mecklenburg County, on 17 September 2007.

Dolven acquired the property through a foreclosure proceeding on 10 December 2007. High Rock assigned its rights in development approvals, including the driveway permit, to Dolven. High Rock sought to join Dolven as a party to the case pending in Mecklenburg County Superior Court. On 26 August 2008, the trial court ruled, *inter alia*, that Dolven could not be added as a party. The trial court also ruled that DOT's actions regarding the driveway permit were statutorily authorized but that the conditions related to High Rock's obtaining railroad consent were unconstitutional.

Dolven appealed and, on 18 May 2010, this Court vacated the trial court's 26 August 2008 ruling and remanded the case for a new hearing on the merits, with Dolven joined as a party. *High Rock Lake Partners, LLC v. N.C. Dep't of Transp.*, 204 N.C. App. 55, 693 S.E.2d 361 (2010) ("*High Rock I*"). The trial court, as

directed by this Court, joined Dolven by order entered 1 November 2010 and, in judgment entered 24 November 2010, ruled that DOT had not acted (1) in excess of its statutory authority, (2) arbitrarily and capriciously, or (3) in violation of either the United States or North Carolina constitutions. Petitioners appealed, and this Court affirmed the judgment of the trial court. *High Rock Lake Partners, LLC v. North Carolina DOT*, __ N.C. App. __ , 720 S.E.2d 706 (2011) ("*High Rock II*"). Our Supreme Court granted discretionary review and reversed *High Rock II*, determining that the conditions placed on the driveway permit were not authorized under the plain language of N.C. Gen. Stat. § 136-18(29), and holding that DOT had exceeded its statutory authority by imposing those conditions. *High Rock Lake Partners, LLC v. N.C. Dep't of Transp.*, 366 N.C. 315, 323, 735 S.E.2d 300, 306 (2012) ("*High Rock III*"). A more extensive factual and procedural history may be found in these prior opinions.

Petitioners filed a motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1 on 14 January 2013. The trial court heard Petitioners' motion on 8 April 2013 and, in an order entered 22 May 2013, denied Petitioners' motion. Petitioners appeal.

Petitioners argue that the trial court erred in denying their motion for attorney's fees based upon the trial court's conclusion that "DOT's positions in this case from the initial denial of the driveway permit through to the Supreme Court's decision in *High Rock* [*III*] were substantially justified under G.S. § 6-19.1." Petitioners further argue that, because of this alleged error, this Court should instruct the trial court to award Petitioners their attorney's fees. We disagree.

N.C. Gen. Stat. § 6-19.1 states in relevant part:

> (a) In any civil action, . . . unless the prevailing party is the State, *the court may, in its discretion*, allow the prevailing party to recover reasonable attorney's fees, including attorney's fees applicable to the administrative review portion of the case, in contested cases arising under Article 3 of Chapter 150B, to be taxed as court costs against the appropriate agency if:
>
> > (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
> >
> > (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

N.C. Gen. Stat. § 6-19.1 (2013) (emphasis added). By the clear language of the statute, once the trial court makes the appropriate findings required in subsections (1) and (2) of N.C.G.S. § 6-19.1(a), its decision on whether or not to award attorney's fees is discretionary.

It is well settled that "[a]ppellate review of matters left to the discretion of the trial court is limited to a determination of whether there was a clear abuse of discretion." Furthermore, "[a] trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision."

*Smith v. Beaufort County Hosp. Ass'n.*, 141 N.C. App. 203, 210, 540 S.E.2d 775, 780 (2000) (citations omitted). In *Crowell Constructors, Inc. v. State ex rel. Cobey*, our Supreme Court has recognized the prerequisites required before a trial court can exercise its discretion to award attorney's fees pursuant to N.C.G.S. § 6-19.1, as follows:

Thus, *in order for the trial court to exercise its discretion* and award reasonable attorney's fees to a party contesting State action in one of the prescribed ways, the prevailing party must not be the State, the trial court must find the State agency acted "without substantial justification" in pressing its claim and the trial court must find no special circumstances exist which make an award of attorney's fees unjust.

*Crowell Constructors, Inc. v. State ex rel Cobey*, 342 N.C. 838, 843, 467 S.E.2d 675, 678 (1996) (emphasis added). Stated another way, if the trial court determines that: (1) a State agency acted "without substantial justification," and (2) no special circumstances exist which make an award of attorney's

fees unjust, then the trial court's discretionary power to award attorney's fees manifests. The trial court is not, however, *required* to award attorney's fees subsequent to making these determinations, and its discretionary decision to award or not to award attorney's fees may only be overturned upon a showing that its decision constituted an abuse of its discretion. However, if the trial court determines that the State agency did *not* act "without substantial justification," *or* that some special circumstances *do* exist which make an award of attorney's fees unjust, then the trial court lacks discretion, and *cannot* award attorney's fees.

The trial court, in its 22 May 2013 order, acknowledged that it only had discretion to award attorney's fees pursuant to N.C.G.S. § 6-19.1 if it found that DOT acted without substantial justification and no special circumstances existed that made the award of attorney's fees unjust. The trial court found as fact that DOT did not argue the "special circumstances" prong of N.C.G.S. § 6-19.1. The trial court then concluded that DOT "was justified [in its handling of this action] to a degree that could satisfy a reasonable person[.]" It further concluded, "in its discretion, that attorney's fees should not be awarded in this matter."

In this instance, even assuming, *arguendo*, the trial court

erred in concluding that DOT acted with substantial justification, the trial court also denied the award of attorney's fees in its discretion. Because the discretion to award attorney's fees could only be present absent a conclusion that DOT acted with substantial justification, the trial court's conclusion that, "in its discretion, . . . attorney's fees should not be awarded in this matter[,]" constitutes an alternative basis for the denial of Petitioners' motion.

The standard of review for the trial court's decision not to award attorney's fees on this basis is abuse of discretion, and it is Petitioners' duty to prove abuse of discretion in order to prevail on appeal. *Nationwide Mut. Fire Ins. Co. v. Bourlon*, 172 N.C. App. 595, 610, 617 S.E.2d 40, 50 (2005) (citations omitted) ("To show an abuse of discretion and reverse the trial court's order . . . appellant[] has the burden to show the trial court's rulings are "'manifestly unsupported by reason,'" or "'could not be the product of a reasoned decision[.]'"). Petitioners have not argued that the trial court abused its discretion by refusing to award them attorney's fees.

It appears Petitioners believe that the trial court was *required* to award them attorney's fees if DOT acted without substantial justification in pressing its claim and no special

circumstances existed which made an award of attorney's fees unjust. Petitioners cite *Crowell Constructors* for the proposition that DOT had to prove that its pursuit of this action was substantially justified; otherwise, according to Petitioners, the trial court was required to order DOT to pay Petitioners' attorney's fees. In support of their argument, Petitioners cite to a portion of *Crowell Constructors* in which our Supreme Court looked to similar language in a federal statute to define the term "substantial justification." *Crowell Constructors*, 342 N.C. at 843-44, 467 S.E.2d at 679. However, the federal statute differs from N.C.G.S. § 6-19.1 in a major respect. The federal statute states:

> "Except as otherwise specifically provided by statute, a court *shall* award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*Crowell Constructors*, 342 N.C. at 843, 467 S.E.2d at 679 (emphasis changed), (quoting 28 U.S.C. § 2412(d)(1)(A) (1994)). The federal statute makes the award of attorney's fees mandatory absent the proper showing of substantial justification or special circumstances, whereas N.C.G.S. § 6-19.1 grants the trial court discretion in making an award of attorney's fees.

N.C.G.S. § 6-19.1(a) ("[T]he court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees[.]").

In *Crowell Constructors*, unlike in the present case, the trial court had already ordered the State agency to pay attorney's fees to the prevailing party. *Crowell Constructors*, 342 N.C. at 841, 467 S.E.2d at 678. Therefore, if the State agency could show on appeal that it had acted with substantial justification in pressing its claim, it would show that the trial court had lacked the discretion to impose attorney's fees and had therefore erred. Our Supreme Court held that it could not say that the State agency was "without substantial justification." *Id*. at 846, 467 S.E.2d at 681. Therefore, the award of attorney's fees had been improper. *Id*. Another opinion cited by Petitioners, *Daily Express, Inc. v. Beatty*, 202 N.C. App. 441, 688 S.E.2d 791 (2010), is similarly inapposite because it also dealt with an appeal where the trial court awarded attorney's fees, not an appeal from the trial court's *refusal* to award attorney's fees. *Id*. at 456, 688 S.E.2d at 802 ("[W]e conclude that [r]espondent's decision to proceed against [p]etitioner was 'substantially justified' and that the trial court erred by reaching a contrary conclusion in awarding attorney's fees to [p]etitioner pursuant to N.C. Gen. Stat. § 6-19.1"[.]).

In the present matter, even assuming *arguendo* DOT lacked substantial justification in pressing its claims, Petitioners would have had to argue on appeal and show that the trial court abused its discretion in denying Petitioners' motion for attorney's fees. *Bourlon*, 172 N.C. App. at 610, 617 S.E.2d at 50; *see also Willen v. Hewson*, 174 N.C. App. 714, 722, 622 S.E.2d 187, 193 (2005). Because Petitioners have not argued on appeal that the trial court abused its discretion in failing to award them attorney's fees pursuant to N.C.G.S. § 6-19.1, any such argument is abandoned. N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Petitioners' argument is dismissed.

Because Petitioners' second and third arguments rely upon the success of their first, those arguments also fail. The 22 May 2013 order denying attorney's fees is affirmed.

Affirmed.

Judges STEELMAN and ERVIN concur.