BRYANT, Judge.
 

 *16
 
 Where the plain language of a statute permits the trial court to exercise its discretion in the award of attorney's fees and where plaintiff does not establish an abuse of discretion in the court's denial of plaintiff's motion for attorney's fees, we affirm.
 

 The background of this case is set out in
 
 Frampton v. Univ. of N.C.
 
 (
 
 Frampton I
 
 ),
 
 241 N.C.App. 401
 
 ,
 
 773 S.E.2d 526
 
 (2015). In brief, the case addressed the termination of Paul Frampton ("plaintiff"), a tenured professor at the University of North Carolina at Chapel Hill ("UNC"), who was arrested in an airport in Buenos Aires, Argentina and ultimately convicted of smuggling cocaine found in his suitcase.
 

 Id.
 

 Following plaintiff's arrest, UNC's chancellor placed plaintiff on unpaid leave and terminated his salary and benefits without pursuing the disciplinary procedures outlined in the university's tenure policies. After appealing to the UNC Board of Trustees, which upheld the decision to place plaintiff on leave without pay, plaintiff filed a petition for judicial review of a State agency decision in Orange County Superior Court. The superior court affirmed UNC's actions, and plaintiff appealed to this Court. On appeal, this Court held that by placing plaintiff on personal, unpaid leave instead of pursuing formal disciplinary proceedings pursuant to the tenure policy, UNC violated its own policies. On this basis, this Court reversed the trial court's ruling and remanded the matter for the trial court to determine the appropriate amount of the salary and benefits withheld that should have been paid to plaintiff.
 

 Id.
 

 at 414
 
 ,
 
 773 S.E.2d at 535
 
 .
 

 Upon remand, plaintiff filed a motion requesting compensation for unpaid salary and benefits as well as attorney's fees. The trial court awarded plaintiff $231,475.92 in back salary and $31,824.53 for loss of benefits, but denied the motion for attorney's fees. The trial court found "UNC-Chapel Hill did not act without substantial justification as it attempted to manage an unusual set of circumstances that were not of its own making, and that it would be unjust to require the State to pay
 
 *17
 
 attorney fees under such special circumstances." Plaintiff now appeals the trial court's denial of his request for attorney's fees to this Court.
 
 [1]
 

 _________________________
 

 On appeal, plaintiff argues the trial court abused its discretion by denying his motion for an award of attorney's fees, made pursuant to our General Statutes, section 6-19.1, contending the trial court improperly concluded UNC (I) acted with substantial justification (2) under special circumstances that would make the award unjust. We disagree.
 

 The standard of review for a trial court's decision whether to award attorney's fees is abuse of discretion.
 
 High Rock Lake Partners, LLC v. N.C. Dep't of Transp.
 
 ,
 
 234 N.C.App. 336
 
 ,
 
 760 S.E.2d 750
 
 (2014). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision."
 
 Smith v. Beaufort Cty. Hosp. Ass'n, Inc.,
 

 141 N.C.App. 203
 
 , 210,
 
 540 S.E.2d 775
 
 , 780 (2000) (citation omitted). On appeal, the appellant has the burden to show the trial court's ruling was unsupported by reason or could not be the product of a reasoned decision.
 
 High Rock Lake Partners, LLC,
 

 234 N.C.App. at 340
 
 ,
 
 760 S.E.2d at 753
 
 .
 

 As the appellant, here, plaintiff contends the trial court abused its discretion by finding "UNC-Chapel Hill did not act without substantial justification" under special circumstances and that it would be unjust to require UNC to pay plaintiff's attorney's fees.
 

 *865
 
 General Statutes, section 6-19.1, specifically addresses the awarding of attorney's fees to parties defending against agency decisions.
 

 In any civil action ... brought by a party who is contesting State action ... the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees, including attorney's fees applicable to the administrative review portion of the case ... if:
 

 (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
 
 *18
 
 (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust. The party shall petition for the attorney's fees within 30 days following final disposition of the case. The petition shall be supported by an affidavit setting forth the basis for the request.
 

 N.C. Gen. Stat. § 6-19.1
 
 (a) (2015). In accordance with this statute, our Supreme Court determined that in order for a trial court to act within its discretion and award attorney's fees to the prevailing party, the trial court must first find that the State agency acted "without substantial justification" and, second, that there were no special circumstances which would make awarding attorney's fees unjust.
 
 Crowell Constructors, Inc. v. State ex rel. Cobey
 
 ,
 
 342 N.C. 838
 
 , 843,
 
 467 S.E.2d 675
 
 , 678 (1996). Thus, a trial court's power to award attorney's fees manifests only when the court determines that the agency acted without substantial justification and no special circumstances exist.
 
 High Rock Lake Partners, LLC,
 

 234 N.C.App. at 339
 
 ,
 
 760 S.E.2d at 753
 
 . However, even when both criteria are met, the trial court is not
 
 required
 
 to award attorney's fees.
 
 See
 

 id.
 
 at 339,
 
 760 S.E.2d at 753
 
 .
 

 I. Substantial Justification
 

 Plaintiff first argues that the trial court erred in concluding UNC did not act without substantial justification. We disagree.
 

 A state agency has the initial burden before the trial court to show substantial justification existed.
 
 Early v. Cty. of Durham, Dep't. of Soc. Servs.
 
 ,
 
 193 N.C.App. 334
 
 , 347,
 
 667 S.E.2d 512
 
 , 522 (2008). The "substantial justification" standard requires that a State agency bear the burden "to demonstrate that its position, at and from the time of its initial action, was rational and legitimate to such degree that a reasonable person
 
 could
 
 find it satisfactory or justifiable in light of the circumstances then known to the agency."
 
 Crowell Constructors
 
 ,
 
 342 N.C. at 844
 
 ,
 
 467 S.E.2d at 679
 
 . On appeal, a trial court's determination that a state agency's actions were substantially justified is a reviewable conclusion of law, but findings of fact are binding if substantiated by evidence in the record.
 
 See
 

 Whiteco Indus., Inc. v. Harrelson
 
 ,
 
 111 N.C.App. 815
 
 , 819,
 
 434 S.E.2d 229
 
 , 232-33 (1993) ;
 
 see also
 

 Early,
 

 193 N.C.App. at 346-47
 
 ,
 
 667 S.E.2d at 522
 
 . "Conclusions of law are reviewed de novo and are subject to full review."
 
 State v. Biber
 
 ,
 
 365 N.C. 162
 
 , 168,
 
 712 S.E.2d 874
 
 , 878 (2011) ;
 
 see also
 

 Carolina Power & Light Co. v. City of Asheville
 
 ,
 
 358 N.C. 512
 
 , 517,
 
 597 S.E.2d 717
 
 , 721 (2004) ("Conclusions of law drawn by the trial court from its findings of fact are reviewable
 
 de novo
 
 on appeal." (citation omitted)).
 

 *19
 
 This Court has made it clear that an agency need not be "legally correct in order to avoid liability for attorney's fees."
 
 Estate of Joyner v. N.C. Dep't of Health & Human Servs.
 
 ,
 
 214 N.C.App. 278
 
 , 292,
 
 715 S.E.2d 498
 
 , 508 (2011).
 

 The test for substantial justification is not whether this Court ultimately upheld respondent's reasons ... but, rather, whether respondent's ... [actions were] justified to a degree that could satisfy a reasonable person under the existing law and facts known to, or reasonably believed by, respondent at the time respondent ... [acted].
 

 S.E.T.A. UNC-CH, Inc. v. Huffines
 
 ,
 
 107 N.C.App. 440
 
 , 443-44,
 
 420 S.E.2d 674
 
 , 676 (1992) (citation omitted).
 

 Here on appeal, UNC argues that the trial court's finding, "UNC-Chapel Hill did not act without substantial justification" by deciding to place plaintiff on unpaid, personal leave instead of pursuing disciplinary action as outlined by UNC's tenure policies, was supported by the evidence before the trial court.
 

 In
 
 Frampton I
 
 , this Court emphasized that the disciplinary procedures incorporated by
 
 *866
 
 UNC's own policies provided a method of recourse in the event a tenured professor was unable to perform the professional duties required, such as in plaintiff's case.
 
 241 N.C.App. at 413
 
 ,
 
 773 S.E.2d at 534
 
 .
 

 While we can envision scenarios in which it would be more beneficial to place a tenured faculty member on unpaid personal leave without his or her consent in order to protect the faculty member's reputation from the stigma associated with disciplinary actions-even if those proceedings result in a favorable outcome-we believe that the
 
 more reasoned
 
 interpretation of the unpaid leave policy could only support its application if the faculty member either requested it or consented to it. Moreover, the fact that there is no "mandated" appeal procedure for this type of leave suggests that ... the unpaid personal leave policy is not intended to be unilaterally imposed upon a tenured professor given the procedural protections afforded to faculty members in all other situations.
 

 Id.
 

 (emphasis added). However, while our Court in
 
 Frampton I
 
 determined that UNC's actions were not proper in light of its own tenure policies, the determination of whether the actions were based on substantial justification is reviewed for the first time in this appeal (
 
 Frampton I
 
 ).
 

 *20
 
 In
 
 Daily Express, Inc. v. Beatty
 
 , after a trial court determined an agency's position was not legally correct, it awarded attorney fees to the plaintiff.
 
 202 N.C.App. 441
 
 ,
 
 688 S.E.2d 791
 
 (2010). On appeal, this Court reversed the attorney fee award to the plaintiff after making a distinction between whether the agency's actions were legally correct and whether the agency's actions were substantially justified.
 
 Id.
 
 at 455-56,
 
 688 S.E.2d at 802
 
 . "[E]ven though we ultimately did not accept [the agency's] construction of the applicable statutory provisions, we recognized that [the agency's] construction of the relevant statutory language had some level of support in both logic and the language enacted by the General Assembly."
 
 Id.
 
 at 455,
 
 688 S.E.2d at 802
 
 . Therefore, this Court in
 
 Daily Express
 
 held that the agency was not liable to plaintiff for attorney's fees under
 
 N.C. Gen. Stat. § 6-19.1
 
 , because although the agency's actions were later determined to be erroneous, "at the time that action was taken, [the agency was] not without substantial justification[.]"
 

 Id.
 

 at 456
 
 ,
 
 688 S.E.2d at 802
 
 .
 

 Thus, as our Court reasoned in
 
 Daily Express
 
 (notwithstanding an erroneous decision, a court must consider the existence of substantial justification), the Orange County Superior Court reasoned that "UNC-Chapel Hill did not act without substantial justification." We uphold the trial court's determination, and therefore, the court's order has met the substantial justification prong of section 6-19.1.
 

 II. Special Circumstances
 

 Plaintiff next argues the trial court erred in finding that there were special circumstances that would make an award of attorney's fees unjust. We disagree.
 

 North Carolina case law is limited with regard to interpreting what qualifies as special circumstances that would make an award of attorney's fees unjust. However, our courts have looked to federal decisions applying similar laws for guidance on interpreting statutory language.
 
 See generally
 

 Newberne v. Dep't of Crime Control & Pub. Safety
 
 ,
 
 359 N.C. 782
 
 ,
 
 618 S.E.2d 201
 
 (2005). Specifically, our Supreme Court, when interpreting
 
 N.C. Gen. Stat. § 6-19.1
 
 , has incorporated the United States Supreme Court's interpretation of the federal Equal Access to Justice Act ("EAJA") which "contains an attorney's fees provision almost identical to [
 
 N.C. Gen. Stat. § 6-19.1
 
 ]."
 
 See
 

 Crowell
 
 ,
 
 342 N.C. at 843
 
 ,
 
 467 S.E.2d at 679
 
 (showing the identical language of the substantial justification and special circumstances prongs and citing United States Supreme Court decisions to interpret the language of the federal statute that is identical to that of the North Carolina statute).
 

 *21
 
 Interpreting "special circumstances" in the EAJA as a "safety valve" preventing unjust awards, the United States Supreme Court stated the special circumstances provisions allow "the [trial] court[s] discretion to deny awards where equitable considerations dictate an award should not be made."
 
 Scarborough v. Principi
 
 ,
 
 541 U.S. 401
 
 , 423,
 
 124 S.Ct. 1856
 
 , 1870,
 
 158 L.Ed.2d 674
 
 , 692 (2004) (citation omitted).
 

 *867
 
 Though not giving deference to UNC's basis for withholding benefits in
 
 Frampton I
 
 , this Court did acknowledge the uniqueness of the situation UNC faced.
 
 241 N.C.App. at 412
 
 ,
 
 773 S.E.2d at 534
 
 . "This case requires this Court, as it required the trial court and the University, to resolve an unusual and controversial dispute that tests the University's responsibilities as an employer of tenured faculty and as a steward of public funds."
 

 Id.
 

 at 401-02
 
 ,
 
 773 S.E.2d at 527
 
 . In reviewing the issues that are currently before this Court, we hold that based on UNC's responsibility to manage public funds and plaintiff's own choices that precipitated this dispute, the trial court acted within its discretion in determining special circumstances would make an award of attorney's fees unjust in this case, thus satisfying the second prong of section 6-19.1.
 

 Regardless, even if UNC acted without substantial justification and no special circumstances existed, the controlling statute specifically states that a trial court "may" use its discretion to decide whether to grant or deny an award of attorney's fees.
 
 N.C. Gen. Stat. § 6-19.1
 
 (a). It is not
 
 required
 
 to award attorney's fees.
 
 See
 

 High Rock Lake Partners, LLC
 
 ,
 
 234 N.C.App. at 339
 
 ,
 
 760 S.E.2d at 753
 
 (setting out the standard of review for a trial court's decision on whether or not to award attorney's fees as abuse of discretion). Plaintiff relies on what he contends was the trial court's error in finding substantial justification for UNC's action to support the conclusion that the trial court was "operating under a mistake of law" and "abused its discretion in denying the motion for an award of attorney's fees." However, on appeal, plaintiff asserts "the trial court erred on both points, 'rational basis' and 'special circumstance,' so there can be no 'reason' supporting its decision to deny the motion." By this assertion, plaintiff improperly implies that a failure to prove both provisions-substantial justification and special circumstances-mandates that the trial court award attorney's fees. Yet, the plain language of the statute merely permits the trial court to decide whether to grant the award of attorney's fees; the use of "may" does not necessitate an action by the trial court when both prongs are satisfied.
 

 In the order denying plaintiff attorney's fees, the trial court based its conclusion that "it would be unjust to require the State to pay attorney's fees" to plaintiff on "the record in this case, the decision of the North
 
 *22
 
 Carolina Court of Appeals [in
 
 Frampton I
 
 ], the submissions of the parties, the arguments of counsel, and the relevant-statutory and case law." Given the trial court's reasoned response and plaintiff's failure to establish that the trial court abused its discretion in reaching its decision to deny the requested award, we overrule plaintiff's argument.
 

 Therefore, the orders entered 28 June 2016 and 3 August 2016 denying appellant's request for attorney's fees, are
 

 AFFIRMED.
 

 Judges STROUD and DAVIS concur.
 

 [1]
 

 On 30 March 2016, pursuant to the decision of this Court in
 
 Frampton I
 
 , plaintiff filed a motion seeking attorney's fees. Following the trial court's denial of the motion on 28 June 2016, plaintiff filed a motion for reconsideration of the ruling pursuant to Rules 59 and 60. In an order entered 3 August 2016, the trial court denied the motion for reconsideration. Plaintiff appeals both orders.