C & H TRANSPORTATION COMPANY v. N. C. DIVISION OF MOTOR VEHICLES

No. 7710SC98

(Filed 7 December 1977)

**Automobiles § 138— permit to move large crane—"in daylight" provision— operation after sunset—no violation**

Where defendant issued to plaintiff a special permit to transport a large crane over highways in N. C., and the permit provided, among other things, that the movement would be "in daylight," the mere showing by defendant that plaintiff's equipment was moving on the highway 35 minutes after sunset

Transportation Co. v. Div. of Motor Vehicles

was insufficient to establish that the "in daylight" provision of the permit was violated.

APPEAL by defendant from *Herring, Judge.* Judgment entered 16 December 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 17 November 1977.

Plaintiff instituted this action under G.S. 20-91.1 seeking to recover a penalty which defendant had assessed against it and which it had paid under protest. Defendant answered and denied a wrongful assessment.

Following a nonjury trial, the trial court found facts summarized in pertinent part as follows:

On 12 September 1974, defendant, pursuant to G.S. 20-119, issued to plaintiff a special permit to transport a large crane over Interstate 95 and U.S. 301 from the South Carolina state line to the Virginia state line. The permit provided, among other things, that the movement would be "in daylight".

On said date plaintiff began transporting said equipment in accordance with the permit. At about 8:03 p.m. daylight savings time, some 35 minutes after sunset at Lumberton, N.C., plaintiff's tractor-trailer hauling the equipment entered defendant's weigh station from I-95 near Lumberton.

Defendant's agent at the weigh station made a determination as to the weight of said vehicle and then alleged that plaintiff was "running over dimension load after sun down". Defendant thereupon assessed taxes and penalties against plaintiff in the total sum of $1,591, which amount plaintiff paid under protest.

The weigh station premises were lighted with mercury lights individually activated by light sensor mechanisms; they were burning at the time of plaintiff's entry. Some of the traffic on I-95 was moving with headlights on.

"There was clear weather and there was still light enough to see other vehicles on Interstate 95 while operating a vehicle on Interstate 95 at the time Mr. J. H. McKinney operated his tractor trailer and entered the weigh station. There was light enough for Mr. J. H. McKinney's oversized load to be seen by other motorists on Interstate 95 at the time Mr. McKinney entered the weigh station."

Based on its findings of fact, the court concluded that at the time in question "daylight had not ended", that plaintiff's vehicle was not operated in violation of the special permit, and that plaintiff was entitled to recover the amount paid under protest, plus interest and costs.

From judgment in favor of plaintiff predicated upon the findings and conclusions, defendant appealed.

*Attorney General Edmisten, by Associate Attorney David D. Ward, and Deputy Attorney General William W. Melvin, for the State.*

*Norman L. Sloan for plaintiff appellee.*

BRITT, Judge.

Defendant contends the court erred in concluding that plaintiff did not violate its special permit and in entering judgment for plaintiff. We find no merit in this contention.

Defendant argues that the mere showing that plaintiff's equipment was moving on the highway 35 minutes after sunset was sufficient to establish that the "in daylight" provision of the permit was violated. While defendant cites no authority in support of this argument, it suggests that G.S. 20-129(a) is instructive.

G.S. 20-129(a) provides:

"When Vehicles Must Be Equipped. — Every vehicle upon a highway within this State during the period from a half hour after sunset to a half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of 200 feet ahead, shall be equipped with lighted headlamps and rear lamps as in this section respectively required for different classes of vehicles, and subject to exemption with reference to lights on parked vehicles as declared in G.S. 20-134."

We reject defendant's argument. We think the case at hand presents the question whether the permit limiting movement to "in daylight" was violated, not whether the cited statute was violated. We hold that a question of fact was presented and that the trial court answered the question in favor of plaintiff.

The judgment appealed from is

Affirmed.

Judges PARKER and VAUGHN concur.