**DAILY EXPRESS, INC. v. N.C. DEP'T OF CRIME CONTROL & PUB. SAFETY**

[195 N.C. App. 288 (2009)]

DAILY EXPRESS, INC., PLAINTIFF v. NORTH CAROLINA DEPARMENT OF CRIME CONTROL AND PUBLIC SAFETY, DIVISION OF STATE HIGHWAY PATROL, DEFENDANT

No. COA08-562

(Filed 3 February 2009)

**Motor Vehicles— trucking company—overweight permit—insufficient number of escorts—fine—additional overweight penalty improper**

A trucking company which violated a special single trip overweight permit by failing to have the required number of escorts was properly fined $500.00 for an operational violation of the permit pursuant to N.C.G.S. § 20-119(d)(1) but could not be penalized an additional $24,492.03 under N.C.G.S. §§ 20-119(d) and 20-118(e) for a weight violation as if no special permit existed where weight of the truck was not in excess of the weight allowed by the special permit.

Appeal by defendant from an order entered 31 January 2008 by Judge Kenneth C. Titus in Wake County Superior Court. Heard in the Court of Appeals 19 November 2008.

*Parker Poe Adams & Bernstein LLP, by Kevin L. Chignell and Susan L. Dunathan, for plaintiff-appellee.*

*Attorney General Roy A. Cooper, III, by Assistant Attorneys General John W. Congleton and Tamara S. Zmuda, for defendant-appellant.*

HUNTER, Robert C., Judge.

This case arises out of a violation of N.C. Gen. Stat. § 20-119 (2007), whereby plaintiff trucking company was fined $500.00 for an operational violation of a special permit and $24,492.03 for a weight violation based on the statutory weight parameters of N.C. Gen. Stat. § 20-118 (2007). Pursuant to litigation, the trial court interpreted these two statutes, held that the $24,492.03 fine was unlawful, granted summary judgment for plaintiff, and ordered defendant North Carolina Department of Crime Control and Public Safety to reimburse plaintiff the $24,492.03. Defendant appeals this grant of summary judgment for plaintiff. After careful review, we affirm.

DAILY EXPRESS, INC. v. N.C. DEP'T OF CRIME CONTROL & PUB. SAFETY

[195 N.C. App. 288 (2009)]

## Background

On 6 June 2006, Daily Express, Inc. ("Daily Express" or "plaintiff"), obtained a special "single trip permit" ("the permit") from the North Carolina Department of Transportation, Division of Highways, to transport a truck and trailer with a gross weight of no more than 196,000 pounds through the state. Without this permit, the truck and trailer could not legally exceed 80,000 pounds. N.C. Gen. Stat. § 20-118(b)(3).

On 8 June 2006, Paul Crownover ("Mr. Crownover"), an independent contractor hired by plaintiff, stopped at a weigh station in Hendersonville, North Carolina. Upon examination, an officer for the North Carolina Department of Crime Control and Public Safety ("defendant" or "NCDCCPS") noted that plaintiff's special permit required a rear escort and an additional front escort if the gross weight exceeded 149,999 pounds. The gross weight of the truck and trailer at the time was 181,180 pounds, thus requiring a rear and front escort. It is undisputed that only one escort accompanied the truck.

Because of this permit violation, plaintiff was fined $500.00 pursuant to N.C. Gen. Stat. § 20-119(d)(1). In addition, plaintiff was penalized $24,492.03 as a weight violation based on the failure to travel with an escort pursuant to section 20-119(d) and sections 20-118(e)(1) and (3). This weight violation was calculated based on the difference between 80,000 pounds (the statutory pound limit for a truck without a special permit) and the 181,180 pounds it actually weighed. Plaintiff's truck was not in excess of the 196,000 pounds listed on the special permit. After receiving the citations, Mr. Crownover obtained a second escort and was allowed to resume his trip with the original permit.

On 1 August 2006, Robert Wertz, President of Daily Express, filed a letter with NCDCCPS protesting the overweight vehicle penalty. On 1 September 2006, NCDCCPS informed Mr. Wertz that its administrative review revealed that the officer followed state law and patrol policy in issuing the citation and penalty.

Plaintiff filed a complaint in Wake County Superior Court on 1 November 2006 seeking a refund of the $24,492.03 penalty. Plaintiff filed a motion for summary judgment on 10 December 2007 alleging, *inter alia*, defendant had no authority to impose the weight citation under the statutory scheme set out in section 20-119(d) and section 20-118(e). Defendant filed a motion for summary judg-

ment on 20 December 2007 claiming that the citations issued were authorized by law.

On 24 January 2008, the trial judge granted summary judgment in favor of plaintiff, finding that: (1) defendant has no authority to invalidate special permits issued by the Department of Transportation; (2) violation of an operational aspect of a special permit does not invalidate the weight allowance stated on the special permit; and (3) the NCDCCPS, Division of State Highway Patrol, cannot assess overweight penalties on a valid permit. Having found that defendant improperly invalidated plaintiff's permit and unlawfully cited plaintiff for the weight violation, the court ordered defendant to refund plaintiff the amount of $24,492.03, plus interest.

### Standard of Review

"On appeal from summary judgment, the applicable standard of review is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Taylor v. Coats*, 180 N.C. App. 210, 212, 636 S.E.2d 581, 583 (2006) (citation omitted). Review by this Court is *de novo* with the evidence viewed in the " 'light most favorable to the non-moving party[.]' " *Carolina Bank v. Chatham Station, Inc.*, 186 N.C. App. 424, 428, 651 S.E.2d 386, 389 (2007) (citation omitted).

The trial court was correct in finding that no issue of material fact existed for jury determination. The only determination to be made was one of law—statutory interpretation. Furthermore, we find the trial court properly applied the statutes and found plaintiff was entitled to a judgment as a matter of law.

### Analysis

### I. Statutory Interpretation

Defendant first argues that it acted within its statutory authority to assess an overweight penalty against plaintiff.

There are two statutes that principally govern this case. First, N.C. Gen. Stat. § 20-119(d) states:

(d) **For each violation of any of the terms or conditions of a special permit** issued or where a permit is required but not obtained under this section the Department of Crime Control and Public Safety **may** assess a civil penalty for each violation against the registered owner of the vehicle as follows:

(1) **A fine of five hundred dollars ($500.00) for any of the following**: operating without the issuance of a permit, moving a load off the route specified in the permit, falsifying information to obtain a permit, failing to comply with dimension restrictions of a permit, or **failing to comply with the number of properly certified escort vehicles required**.

(2) A fine of two hundred fifty dollars ($250.00) for moving loads beyond the distance allowances of an annual permit covering the movement of house trailers from the retailer's premises or for operating in violation of time of travel restrictions.

(3) A fine of one hundred dollars ($100.00) for any other violation of the permit conditions or requirements imposed by applicable regulations.

The Department of Transportation may refuse to issue additional permits or suspend existing permits if there are repeated violations of subdivision (1) or (2) of this subsection. **In addition to the penalties provided by this subsection, a civil penalty in accordance with G.S. 20-118(e)(1) and (3) may be assessed if** a vehicle is operating without the issuance of a required permit, operating off permitted route of travel, **operating without the proper number of certified escorts** as determined by the actual loaded weight of the vehicle combination, fails to comply with travel restrictions of the permit, or operating with improper license. **Fees assessed for permit violations under this subsection shall not exceed a maximum of twenty-five thousand dollars ($25,000).**

*Id.* (emphasis added).

Second, N.C. Gen. Stat. § 20-118(e)(1) and (3) state:

(e) Penalties.—

(1) Except as provided in subdivision (2) of this subsection, for each violation of the single-axle or tandem-axle weight limits set in subdivision (b)(1), (b)(2), or (b)(4) of this section **or axle weights authorized by special permit according to G.S. 20-119(a)**, the Department of Crime Control and Public Safety **shall** assess a civil penalty against the owner or registrant of the vehicle in

accordance with the following schedule: for the first 1,000 pounds or any part thereof, four cents (4¢) per pound; for the next 1,000 pounds or any part thereof, six cents (6¢) per pound; and for each additional pound, ten cents (10¢) per pound. These penalties apply separately to each weight limit violated. In all cases of violation of the weight limitation, the penalty shall be computed and assessed on each pound of weight in excess of the maximum permitted.

. . .

(3) If an axle-group weight of a vehicle exceeds the weight limit set in subdivision (b)(3) of this section plus any tolerance allowed in subsection (h) of this section or axle-group weights **or gross weights authorized by special permit under G.S. 20-119(a)**, the Department of Crime Control and Public Safety **shall** assess a civil penalty against the owner or registrant of the motor vehicle. **The penalty shall be assessed on the number of pounds by which the axle-group weight exceeds the limit set in subdivision (b)(3)**, as follows: for the first 2,000 pounds or any part thereof, two cents (2¢) per pound; for the next 3,000 pounds or any part thereof, four cents (4¢) per pound; for each pound in excess of 5,000 pounds, ten cents (10¢) per pound. Tolerance pounds in excess of the limit set in subdivision (b)(3) are subject to the penalty if the vehicle exceeds the tolerance allowed in subsection (h) of this section. These penalties apply separately to each axle-group weight limit violated.

*Id.* (emphasis added).

It is uncontroverted that plaintiff did not have the required number of escorts, thereby violating an operational aspect of its permit and invoking section 20-119(d)(1). There is no dispute that section 20-119(d)(1) authorizes a $500.00 fine for the lack of a required escort. The primary issue before the trial court, and on appeal *de novo*, is whether section 20-119(d) and section 20-118(e) authorize NCDC-CPS to issue an additional overweight penalty based on the difference between the actual weight of the truck (181,180 pounds) and the statutory weight listed in section 20-118(b) (80,000 pounds), despite the fact that the actual weight does not violate the weight limit set out in the special permit.

Both sides claim that section 20-119 and section 20-118 are clear and unambiguous on their face. When a statute is unambiguous, the plain meaning of the statute must prevail. *Smith Chapel Baptist Church v. City of Durham*, 350 N.C. 805, 811, 517 S.E.2d 874, 878 (1999). "When a statute is ambiguous, 'the courts should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish,' in order to assure that the intent of the legislature is accomplished." *N.C. Comm'r of Labor v. Weekley Homes, L.P.*, 169 N.C. App. 17, 23, 609 S.E.2d 407, 412 (2005) (internal citation omitted).

This Court has held, "[s]tatutes imposing penalties are . . . strictly construed in favor of the one against whom the penalty is imposed and are never to be extended by construction." *Joint Venture v. City of Winston-Salem*, 54 N.C. App. 202, 205, 282 S.E.2d 509, 511 (1981). N.C. Gen. Stat. § 20-118 and § 20-119 impose penalties against violators and therefore, unless the statutes are unambiguous, we must strictly construe them in favor of plaintiff. In reading the statutes *in pari materia*, we find the meaning to be ambiguous.

It is not clear from the statutes, read *in pari materia*, if an additional weight based penalty is to be calculated where the truck is in violation of a condition of its special permit, but not as to the weight authorized by said permit. The key language of section 20-119(d) states:

> **In addition** to the penalties provided by this subsection, a civil penalty **in accordance with G.S. 20-118(e)(1) and (3) may** be assessed if a vehicle is . . . operating without the proper number of certified escorts as determined by the actual loaded weight of the vehicle combination . . . . Fees assessed for permit violations under this subsection shall not exceed a maximum of twenty-five thousand dollars ($25,000).

*Id.* (emphasis added). Clearly, section 20-118 is applicable, and it says that if the gross weight authorized by special permit is exceeded, a penalty "shall be . . . assessed . . . ." It is unambiguous that under section 20-118, a weight based penalty shall be issued if a truck is over the statutory weight requirement without a special permit, *or* if the truck is over the weight listed in the special permit. The ambiguity arises with section 20-119(d) in that it is not clear what it means to issue an additional penalty in accord with sections 20-118(e)(1) and (3).

DAILY EXPRESS, INC. v. N.C. DEP'T OF CRIME CONTROL & PUB. SAFETY

[195 N.C. App. 288 (2009)]

Defendant argues that its additional penalty was in accord with sections 20-118(e)(1) and (3) because the truck was not in compliance with safety conditions set forth in its special permit; therefore, the vehicle was not authorized to exceed the standard statutory weight limitations set out in section 20-118(b)(3). In other words, defendant contends that where a truck is not in compliance with one or more of the conditions mandated by the special permit, the weight limit authorized by the permit does not apply and the driver is penalized for weight as if he did not have a permit at all. Defendant argues that due to the escort violation, plaintiff's truck could not exceed 80,000 pounds, therefore plaintiff must be penalized according to the truck's weight in excess of 80,000 pounds.

Plaintiff argues that for section 20-119(d) to be in accord with sections 20-118(e)(1) and (3), an additional penalty can only be imposed if the truck exceeds the weight listed in the special permit. Plaintiff asserts that sections 20-118(e)(1) and (3) only deal with penalties given due to weight violations and makes a distinction between those with permits and those without. Since plaintiff's truck did not exceed the weight authorized by the special permit, plaintiff argues that only the $500.00 penalty was lawful.

There is little evidence of legislative intent in this case. Both section 20-118 and section 20-119 were amended in 2005 pursuant to House Bill 669. Section 20-118(e) was amended to include weight penalties for vehicles with special permits. Prior to this amendment, the statute did not authorize the NCDCCPS to issue weight penalties for trucks that exceeded the weight authorized by their special permits. Section 20-119(d) was amended to include the language that permits additional civil penalties in accordance with sections 20-118(e)(1) and (3), subject to a $25,000.00 cap. These amendments made it clear that the NCDCCPS has the authority to issue overweight penalties if a truck weighs in excess of the limit set in the special permit. However, it is not clear if there was further intent to penalize a truck driver for a weight violation as if that driver had no special permit at all.

It is also unclear why the legislature chose to list certain operational violations in section 20-119(d) as triggering the additional civil penalty. Perhaps it was to emphasize that if these violations occurred, NCDCCPS could, in its discretion, issue a violation for a weight penalty as well. However, sections 20-118(e)(1) and (e)(3) state that NCDCCPS "shall" issue a penalty for weight violations.

Section 20-119(d) says that an additional penalty "may" be assessed for those operating without a special permit at all. There is ambiguity presented by the "may". and "shall" language. Under section 20-118, someone without a permit would certainly be fined based on the truck's weight that exceeds the statutory limit and unlike under section 20-119(d), the penalty imposed under sections 20-118(e)(1) and (e)(3) would not be subject to a $25,000.00 cap. Hence, if section 20-119 is supposed to be in accord with section 20-118, there seems to be no need for the cap contained in section 20-119 where the truck driver is operating without a special permit. Plaintiff does not address the effect of the cap. Defendant claims the cap supports its position in that the legislature realized a cap was needed because the additional civil penalty would be substantial where a truck is significantly overweight according to the statutory limit, but not overweight according to the special permit.

Defendant asserts that since section 20-118 already mandates the assessment of a penalty when a truck is overweight, the legislature must have intended the additional civil penalty mentioned in section 20-119(d) to authorize the assessment of a different weight penalty when a truck is operating in violation of the specified restrictions listed in the special permit, but is not overweight according to the special permit. Otherwise, both sections would regulate the same issue, rendering section 20-119(d) redundant. This argument has merit, but it remains unclear whether the legislature intended to fine truck operators based on weight as if no special permit existed to carry that amount of weight. A special permit did exist in this case, and the only violation of that permit was the lack of an escort, which prompted the $500.00 fine. While some additional civil penalty may be appropriate under section 20-119(d), in accord with sections 20-118(e)(1) and (e)(3), the parameters of that penalty are unclear.

In sum, regardless of the manner in which we interpret the statutes, some language is rendered meaningless. As defendant argues, section 20-118 allows a weight penalty if a truck exceeds the weight listed in the special permit, or if the truck operator has no permit at all. Hence, section 20-119 is not necessary to effectuate that purpose. However, if we follow defendant's reasoning, a truck operating without a special permit at all still falls within section 20-119 and is subject to the $25,000.00 cap, which is unnecessary since that individual would already be subject to an uncapped fine under section 20-118.

If the legislature intended to impose an additional weight penalty against a special permit holder as if that permit holder had no permit at all, then the language of section 20-119 must be clarified to relate that intent. Without such unambiguous language, we must construe the statute in favor of plaintiff, the party being penalized. Thus, summary judgment for plaintiff is affirmed.[1]

Affirmed.

Judges ELMORE and JACKSON concur.

---

1. In light of our decision with regard to summary judgment, we need not address defendant's argument that the trial court incorrectly found that defendant unlawfully invalidated plaintiff's permit when defendant issued the citations.