MACHINERY TRANSPORT, INC., Plaintiff
v.
BRYAN E. BEATTY, SECRETARY, NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, Defendant
No. COA08-699
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Keziah, Gates & Samet, L.L.P., by Andrew S. Lasine, for plaintiff-appellee.
Attorney General Roy A. Cooper, III, by Assistant Attorneys General John W. Congleton and Tamara S. Zmuda, for defendant-appellant.
ROBERT C. HUNTER, Judge.
This case arises out of a violation of N.C. Gen. Stat. § 20-119 (2007), whereby plaintiff trucking company was fined $250.00 for violation of a travel restriction within a special permit and $24,887.60 for a weight violation based on the statutory weight parameters of N.C. Gen. Stat. § 20-118 (2007). Pursuant to litigation, the trial court interpreted these two statutes, held that the $24,887.60 fine was unlawful, granted summary judgment for plaintiff, and ordered defendant North Carolina Department of Crime Control & Public Safety ("defendant" or "NCDCCPS") to reimburse plaintiff the $24,887.60. Defendant appeals this grant of summary judgment for plaintiff. After careful review, we affirm.

Background
On 21 November 2006, Machinery Transport, Inc. ("plaintiff" or "Machinery Transport"), obtained a special "single trip permit" (the "permit") from the North Carolina Department of Transportation, Division of Highways, to transport a truck and trailer with a gross weight of no more than 195,000 pounds through the State. (R p. 5; 53-54). Without this permit, the truck and trailer could not legally exceed 80,000 pounds. N.C. Gen. Stat. § 20-118(b)(3) (2007). The permit dictated the following: "DUE TO THE OFFICIAL THANKSGIVING DAY HOLIDAY THERE WILL BE NO TRAVEL FROM NOON WEDNESDAY 11/22/06 UNTIL NOON FRIDAY 11/24/06."
At approximately noon on 22 November 2006, plaintiff's driver stopped at a weigh station near Asheville, North Carolina. Plaintiff claims that an officer at the weigh station informed plaintiff's driver that he could continue his course to Tennessee, an estimated distance of thirty miles.[1] Plaintiff's driver then continued his route towards Tennessee, but before reaching the border was stopped by a NCDCCPS officer who issued a Permit Violation Civil Fine Assessment in the amount of $250.00 for traveling after noon on 22 November 2006. The gross weight of the truck and trailer at the time was 189,020 pounds.
Plaintiff was fined $250.00 pursuant to N.C. Gen. Stat. § 20-119(d)(2) for "[o]perating in [v]iolation of travel restrictions". In addition, plaintiff was penalized $24,887.60 as a weight violation based on the time of travel violation pursuant to N.C. Gen. Stat. §§ 20-119(d) and 20-118(e)(1) and (e)(3). This weight violation was calculated based on the difference between 80,000 pounds (the statutory pound limit for a truck without a special permit) and the 189,020 pounds it actually weighed. Plaintiff's truck was not in excess of the 195,000 pounds listed on the special permit.
Plaintiff paid the $24,887.60 penalty under protest. On 12 June 2007, NCDCCPS informed plaintiff that an administrative review revealed that the officer who issued the citations followed state law and patrol policy.
Plaintiff filed a complaint in Wake County Superior Court on 18 April 2007 seeking a refund of the $24,887.60 penalty. Plaintiff filed a motion for summary judgment on 16 January 2008 alleging, inter alia, that the State had no authority to impose the weight citation under the statutory scheme set out in § 20-119(d) and § 20-118(e). Defendant filed a motion for summary judgment on 12 February 2008 claiming that the citations issued were authorized by law and that no issues of material fact existed.
On 26 February 2008, the trial judge ordered summary judgment in favor of plaintiff, concluding as a matter of law: There is no legal basis for the State Highway Patrol to impose assessments for overweight violations by calculating penalties based on the statutory scheme set forth in N.C. Gen. Stat. § 20-118 when the "offending" vehicle operator has a lawfully acquired special permit exempting the vehicle from those limitations. The penalty provision in N.C. Gen. Stat. § 20-119(d), when viewed in the context of the weight limitation provisions in § 20-118(e)(1) and (3), does not authorize the State Highway Patrol to impose penalties on vehicles for exceeding the statutory weight limitations in situations where the vehicle is properly permitted and within the permit weight limitations but the operation of the vehicle violates other non-weight related parts of § 20-119(d).
Having found that defendant unlawfully cited plaintiff for the weight violation, the court ordered defendant to refund plaintiff the amount of $24,887.60, plus interest. Defendant appeals this order.

Analysis
Pursuant to our holding in Daily Express, Inc. v. N.C. Dep't of Crime Control & Public Safety, ___ N.C. App. ___, 671 S.E.2d 587 (2009), we affirm the trial court's grant of summary judgment for plaintiff.
Affirmed.
Judges WYNN and ERVIN concur.
Report per Rule 30(e).
NOTES
[1] While a factual dispute arose between the parties at the summary judgment hearing regarding the interaction between plaintiff's driver and the weigh station officer, the trial court concluded that a specific finding resolving the dispute was not relevant to deciding the issues raised in the parties' motions.