SUNSHINE HEAVY HAULING, INC., Plaintiff,
v.
BRYAN E. BEATTY, SECRETARY NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, Defendant.
No. COA08-1101
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Keziah, Gates & Samet, L.L.P., by Andrew S. Lasine, for plaintiff-appellee.
Attorney General Roy A. Cooper, III, by Assistant Attorney General John W. Congleton, for defendant-appellant.
ROBERT C. HUNTER, Judge.
This case arises out of a violation of N.C. Gen. Stat. § 20-119 (2007), whereby plaintiff trucking company was fined $500 for violation of an escort requirement within a special permit and $25,000 for a weight violation based on the statutory weight parameters of N.C. Gen. Stat. § 20-118 (2007). Pursuant to litigation, the trial court interpreted these two statutes, held that the $25,000 fine was unlawful, granted summary judgment for plaintiff, and ordered defendant North Carolina Department of Crime Control & Public Safety ("defendant" or "NCDCCPS") to reimburse plaintiff the $25,000. Defendant appeals this grant of summary judgment for plaintiff. After careful review, we affirm.

Background
On 27 September 2007, Sunshine Heavy Hauling, Inc. ("plaintiff" or "Sunshine"), obtained a special "Single Trip Permit" (the "permit") from the North Carolina Department of Transportation, Division of Highways, to transport a truck and trailer in North Carolina with a gross weight of no more than 180,000 pounds through the State. Without this permit, the truck and trailer could not legally exceed 80,000 pounds. N.C. Gen. Stat. § 20-118(b)(3).
On 27 September 2007, plaintiff's driver stopped at a weigh station in Halifax County, North Carolina. After being weighed, Officer B. Perry issued a Permit Violation Civil Fine Assessment for failure to comply with the permit's escort vehicle requirements. The gross weight of the truck and trailer at the time was 171,960 pounds, thus requiring a rear and front escort.
Plaintiff was fined $500 pursuant to N.C. Gen. Stat. § 20-119(d)(1) for operating without the proper number of escorts. In addition, plaintiff was penalized $25,000 as a weight violation pursuant to N.C. Gen. Stat. §§ 20-119(d) and 20-118(e)(1) and (e)(3). This weight violation was calculated based on the difference between 80,000 pounds (the statutory pound limit for a truck without a special permit) and the 171,960 pounds it actually weighed. Plaintiff's truck was not in excess of the 180,000 pounds listed on the special permit. Plaintiff paid the $25,000 penalty under protest.
Plaintiff filed a complaint in Wake County Superior Court on 5 December 2007 seeking a refund of the $25,000 penalty and alleging, inter alia, that the State had no authority to impose the weight citation under the statutory scheme set out in § 20-119(d) and § 20-118(e). Plaintiff filed a motion for summary judgment on 20 March 2008. Defendant filed a motion for summary judgment on 30 April 2008 claiming that the citations issued were authorized by law and that no genuine issue of material fact existed.
On 22 May 2008, the trial judge ordered summary judgment in favor of plaintiff, concluding as a matter of law:
There is no legal basis for the State Highway Patrol to impose assessments for overweight violations by calculating penalties based on the statutory scheme set forth in N.C. Gen. Stat. §20-118 when the vehicle operator has a lawfully acquired special permit exempting the vehicle from those limitations. The penalty provision in N.C. Gen. Stat. §20-119(d), when viewed in the context of the weight limitation provisions in 118(e)(1) and (3), does not authorize the State Highway Patrol to impose penalties on vehicles for exceeding the statutory weight limitations in situations where the vehicle is properly permitted and within the permit weight limitations but the operation of the vehicle violates other non-weight related parts of §20-119(d).
Having found that defendant unlawfully cited plaintiff for the weight violation, the court ordered defendant to refund plaintiff the amount of $25,000, plus interest. Defendant appeals this order.

Analysis
Pursuant to our holding in Daily Express, Inc. v. N.C. Dep't of Crime Control & Public Safety, ___ N.C. App. ___, 671 S.E.2d 587 (2009), we affirm the trial court's grant of summary judgment for plaintiff.
Affirmed.
Judges CALABRIA and ROBERT N. HUNTER, concur.
Report per Rule 30(e).